The next case this morning for oral argument is 23-2208, Ndlovu v. Garland. Good morning, Mr. Kontek. Good morning, Your Honor. May it please the Court, Counsel, I'm here on behalf of Mr. Morris Ndlovu. I think the government's main contention in this case is that this Court does not have jurisdiction to review this case. Contrary to the government's contention, Mr. Ndlovu has presented a colorable question of law that imbues this Court with jurisdiction, Oswanto 8 U.S.C. 1252 A.2.D. On December 17, 2015, Mr. Ndlovu submitted his application for cancellation of removal, Oswanto Section 240 A.B. of the Immigration and Nationality Act. On May 19, 2019, Mr. Ndlovu appeared before the Immigration Court and testified extensively concerning his relationship with his children, their potential economic and social struggles without him in the United States, and also his criminal record. Mr. Ndlovu argued that his United States citizen children would suffer exceptional, extreme, and unusual hardship if he is removed from the United States. At the time he filed the application, he'd been present in the United States for 15 years. Mr. Ndlovu also had not been convicted of any of the offenses listed under 8 U.S.C. 1227 A.2 and A.3. Mr. Ndlovu was required, however, to show that being a person of good moral character in the 10 years immediately preceding the filing of his application for cancellation of removal. The statutory period began to accumulate after December 17, 2005. On this count, Mr. Ndlovu had some problems. He had a 2000 arrest on conviction for DUI. He also had a 2002 arrest on conviction for domestic violence. In 2009, he was arrested for domestic violence. That case was dismissed. In 2010, there was an arrest on conviction for DUI. Mr. Kontak, just in the interest of time, I want to jump forward. So, the Immigration Court found that your client had satisfied the criteria, but declined the cancellation of removal on discretionary reasons. What is the constitutional right that you think was violated here? We think there was a legal issue here in that the court did not follow the procedure that is established by statute and also by Congress. So, it has to be a question of law that was violated. What is the legal standard or the question of law that you think was violated? Well, because the judge, the immigration judge, did not follow the procedure, she included into the analysis cases that were outside the parameters allowed by Congress. That is, she considered convictions prior to 2005. And where has Congress said that an immigration judge cannot consider those convictions when looking at the discretionary standard, as opposed to the four criteria before you get to the discretionary? Your Honor, I think the question would be, well, why did Congress, each has a timeline for which judges have to move? But where has Congress said, for the discretionary piece of this, that a court cannot consider those older crimes? It's not explicitly stated in any congressional statute. However, courts have interpreted the analysis to include only cases that fall within the ambit of the time period that is prescribed by Congress. We believe that in this case, the judge did not follow that time period. Have we ever said that that's required, again, on the discretionary piece? No, but what this court, in fact, one of the cases that the government sets in this case is the Vela Cruz case that this court decided in 2023 after the Patel case. In that case, the issue was not whether or not the judge did not exercise discretion properly, but whether or not they failed to consider, whether the court failed to consider an issue regarding his rehabilitation. And so here we're saying that because the judge factored in cases that she should not have factored, that went heavily against him in terms of weighing the balance of equities that would qualify him for a favorable exercise of discretion. As I was indicating, the immigration judge did indicate that Mr. Androvo was statutorily qualified for consolation. Whether Mr. Androvo was a person of good moral character is a part of the statutory requirements, and I just skipped this part of the analysis. In fact, the Board of Immigration Appeals acknowledged that in its decision, because it says that the IG skipped that because they did not have the advantage of a case that was decided a few months after that decision. That is the matter of Castillo-Perez, where it says, if there are two or more convictions for DUI, there's a rebuttable presumption that the person lacks good moral character. In this case, if you look at the convictions, what should have been considered was one conviction, that is conviction in 2010. That would be the only conviction that would have mattered in terms of the analysis. So by including all these other issues that predates the beginning of the statutory period, the immigration judge weighed the equities heavily against Mr. Androvo. Also, in its argument that this court lacked jurisdiction, as I indicated previously, the government signed the Cruz-Velasquez-Garland case. However, the rest of the argument relies solely on the Supreme Court's 2002 decision in Patel v. Garland. Indeed, in Patel, the Supreme Court held that the Circuit Court of Appeals abide for reviewing factual findings underlying the denial of cancellation of removal. However, Velasquez was decided after Patel, and this court cites Patel throughout its decision with Velasquez. But it does not support the contentions that the government is making. This court has held that the board's application of law to undisputed facts raises a question of law that falls within its jurisdiction. Here we're saying that we did not dispute the factual underpinnings of this case except that the application of the law was not proper because the judge overstepped the boundaries established by Congress under that statute. The immigration judge we submit to Your Honor exceeded the scope of the criminal record review permissible under the regulations of U.S. immigration laws by relying on convictions and arrests outside the 10 years preceding Androvo's submission of his application for cancellation of removal. This impermissible inclusion of this record handicapped Mr. Androvo's ability to establish that he merited a favorable exercise of discretion. The court should therefore grant this petition for review and remind this case to the board. Thank you, Mr. Contex. Ms. Camilleri, good morning. Good morning. Good morning, Your Honors. May it please the court, this is Danny Camilleri for the Attorney General. This case is a purely discretionary denial of cancellation of removal, notwithstanding petitioner's attempts to kind of rope in the good moral character finding. The IJ found him statutorily eligible but found that with his unfettered discretion, the negative equities outweighed the positive. The board affirmed that decision. Cruz Velasco is of no help. It is not a good moral character. In fact, this court in Cruz Velasco reaffirmed that under Patel, it does not have jurisdiction to review the purely discretionary denial of cancellation of removal. There's also no authority saying that when making that discretionary denial, the IJ can't consider crimes that took place 10 years before the statutory good moral character determination. It's just that there's no legal authority to support that. So we submit that this court lacks jurisdiction over the petition for review. And if there are any questions for me, I'm happy to answer them. Okay, thank you. Thank you very much. Mr. Contek, do you have anything else you'd like to say? I'm here. Okay, thank you very much. Thanks to both counsel. The court will take the case under advisement.